UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRENCE NELSON, | Civil Action No. 16-3409 (JLL) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**LINARES**, District Judge:

Presently before the Court is the motion of Terrence Nelson ("Petitioner") to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 1). After being granted leave to file a second or successive motion to vacate sentence (Document 1 attached to ECF No. 1), Petitioner filed his current motion on June 10, 2016. (ECF No. 1). Following an order lifting the stay imposed by this Court's standing order 16-2, applicable to motions such as Petitioner's which raise claims pursuant to *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), (ECF No. 7), the Government filed responses to Petitioner's motion (ECF Nos. 8-9). Petitioner has filed two letters in reply. (ECF No. 10-11). For the following reasons, the Court will grant Petitioner's motion to vacate his sentence and will resentence him accordingly.

## I. BACKGROUND

Because Petitioner's motion presents a relatively discrete issue, only a limited recitation of the background facts is necessary in this matter. While on state court parole for a previous conviction for armed robbery, Petitioner Terrence Nelson was arrested in the early morning hours of November 5, 1997, after being found in possession of a handgun with an obliterated serial

number loaded with hollow point bullets. (Document 1 attached to ECF No. 8 at 48-51). Petitioner was thereafter charged and ultimately found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) by a jury in June 1999. (*Id.* at 51). Petitioner thereafter appeared before Judge Bassler, who sentenced him to a term of imprisonment of 262 months with a five year period of supervised release to follow. Judge Bassler provided the following explanation for that sentence:

> The Court is not happy about having to impose a sentence of this magnitude. However, sometimes the Court has to do what is required under the circumstances. [Petitioner] has a significant history of arrests, convictions, which began unfortunately during his teenage years for receiving stolen property, theft, aggravated assault and related violations. As a result, he meets the statutory criteria surrounding an armed career offender carrying the highest [criminal history category].
>
> The Essex County Prosecutor's Office has recently indicted [Petitioner] for his participation in a double homicide on September 30th, 1997. Moreover, [Petitioner] has committed this offense, serious enough, but while under the supervision of the New Jersey State Parole [Board].
>
> Given the aggravating circumstances of the case, the maximum guideline range of 262 months has been imposed. I'm imposing it because of my conviction that [Petitioner] is not going to be rehabilitated. He's had that opportunity. It simply hasn't happened, and the public simply cannot afford to be exposed to this kind of danger.

(*Id.* at 51-52).

Although the trial judge in his sentencing decision did not explicitly discuss the convictions which gave rise to Petitioner's armed career criminal status in imposing sentence, the parties agree that Petitioner's status arose based on three prior state court convictions. Petitioner's first such conviction occurred in 1991, when he was convicted, under the name Alsheries Nelson, of aggravated assault in violation of N.J.S.A. 2C:12-1(b)(5) and (a)(1). (Document 1 attached to ECF

No. 8 at 92). Petitioner was thereafter also convicted of two separate first degree armed robberies in violation of N.J.S.A. 2C:15-1 in July 1992. (*Id.* at 95).

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied*, 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

### B. Analysis

#### 1. An evidentiary hearing is not required

28 U.S.C. § 2255(b) requires an evidentiary hearing for all motions brought pursuant to the statute "[u]nless the motion and the files and records of the case conclusively show that the prisoner

is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day,* 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States,* 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas,* 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham,* 587 F. App'x 6, 8 (3d Cir. 2014); *Booth,* 432 F.3d at 546. For the reasons set forth below, the sole issue presented in Petitioner's current motion to vacate his sentence presents a legal question which can be resolved on the record, and no hearing is therefore required for the resolution of Petitioner's § 2255 motion.

### 2. Petitioner's motion is timely filed and his claims are not procedurally defaulted

Initially, the Government contends that this Court should reject Petitioner's motion as untimely or procedurally defaulted because, in order to make his claims, he must rely on prior case law, such as *Curtis Johnson v. United States,* 559 U.S. 133 (2010), to argue that his prior convictions do not qualify as violent felonies under the elements clause of the Armed Career Criminal Act. As is discussed below, prior to the Supreme Court's 2015 *Samuel Johnson* ruling, a non-enumerated offense conviction could qualify under the Act as a felony by meeting either the elements clause or the residual clause of the statute. Thus, prior to the 2015 *Samuel Johnson* case, a prior felony could qualify for the purposes of the Act if it qualified under the now-defunct residual clause even where it did not meet the requirements of the elements clause. Because the sentencing transcript in this matter does not reveal which clause was used by the sentencing court to determine that Petitioner was an armed career criminal under the Act, Petitioner would only be

4

able to obtain relief if he were able to show that his crimes no longer qualified under either clause. Thus, the flaw in the Government's argument here is that, even if Petitioner could have previously claimed that his crimes did not meet the elements clause of the Act, it would have served no purpose as his challenge would still have failed because both his robbery and aggravated assault convictions could have qualified as violent felonies under the residual clause, and any such attempt to challenge his sentence would have been fruitless as a result. *See, e.g., Baptiste v. Att'y Gen.*, 841 F.3d 601, 606-15 (3d Cir. 2016) (recklessness based aggravated assault under New Jersey law is a crime of violence under residual clause used in 18 U.S.C. § 16(b) which is in all relevant respects identical to that used in the Armed Career Criminal Act).

The Government's timeliness and procedural default arguments are therefore based on a faulty premise – that Petitioner had a cognizable claim following the 2010 *Curtis Johnson* decision, and that he did not need the 2015 *Samuel Johnson* decision for his claim to be cognizable. Petitioner did not have a cognizable claim until such time as the residual clause was invalidated in the 2015 *Samuel Johnson* case, however, as his claim would have rightly been rejected as meritless when that clause was still operable. *Baptiste*, 841 F.3d at 606-15. As such, Petitioner could not have raised his current claim sooner, and did not procedurally default his claim. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003) (procedural default bars a petitioner from bringing a claim via § 2255 when he could have, but did not, raise his claims previously, either on direct appeal or in an earlier habeas petition). Likewise, because 2015 *Samuel Johnson* was decided on June 26, 2015, and Petitioner filed his current motion before June 26, 2016, his current motion is not time barred. *See* 28 U.S.C. § 2255(f)(3) (where a claim is based on a newly recognized right which has been made retroactive on collateral review, one year limitations period for § 2255 motions runs from the date on which that right was initially recognized by the Court); *see also*

*Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (applying 2015 *Samuel Johnson* retroactively to cases on collateral review). Petitioner's claim, to the extent that it has merit, is neither time barred nor procedurally defaulted, and this Court must therefore address the merits of Petitioner's 2015 *Samuel Johnson* claim.[1]

### 3. Petitioner's *Samuel Johnson* claim

Petitioner argues in his petition that, following the Supreme Court's 2015 ruling in *Samuel Johnson*, his state court convictions for aggravated assault and armed robbery no longer constitute violent felonies sufficient to trigger the application of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Under the Act, any person convicted of a violation of § 922(g) who has previously received at least three convictions for a violent felony or a serious drug offense or both, shall be deemed an armed career offender and will be subject to harsher punishments, including a sentence of at least fifteen years imprisonment. *Id.* Under the Act, a violent felony is defined as "any crime punishable by imprisonment for a term exceeding one year" that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). Subsection (i) is generally referred to as the "elements clause" of the statute, while the "or

---

[1] In any event, the Government states in its brief that, even if the Court were to find that Petitioner's claims were time barred or procedurally defaulted, the Government has taken the position that "if this Court concludes that any of [Petitioner's] three predicate convictions do not satisfy the elements clause of the ACCA, this Court should not withhold relief based on [Petitioner's] procedural default or failure to meet the statute of limitations." (ECF No. 8 at 19). Because the Government apparently does not wish to enforce its procedural default and timeliness arguments despite making those arguments at length in its brief, this Court would still need to address the merits of Petitioner's claims even if they had been defaulted.

otherwise . . . presents a serious potential risk" clause is referred to as the residual clause of the statute.

In *Samuel Johnson*, the Supreme Court held that, as a result of the "grave uncertainty about how to estimate the risk posed by a crime" and the "uncertainty about how much risk it takes for a crime to qualify as a violent felony," the residual clause of the Act was constitutionally void for vagueness. 135 S. Ct. at 2557-58. In so doing, however, the Court did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," specifically the elements clause contained in § 924(e)(2)(B)(i). Thus, after *Samuel Johnson*, a crime will only qualify as a violent felony for the purposes of the Act if it either is one of the four enumerated offenses in § 924(e)(2)(B)(ii), or "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).

In determining whether a crime qualifies as a violent felony under the statute, courts use a categorical approach – looking to the elements of the statute of conviction rather than the specific facts of a petitioner's case to determine whether a violation of that statute meets the definition of a violent felony. *See, e.g., United States v. Otero*, 502 F.3d 331, 335 (3d Cir. 2007); *see also Taylor v. United States*, 495 U.S. 575, 602 (1990). Where a given statute is divisible because it can be satisfied by multiple different actions which the statute criminalizes in the alternative, the Court uses a modified categorical approach, and can look to outside documents to determine under which alternative a defendant was convicted and thereafter apply the categorical approach to the relevant section of the statute at issue. *See Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). Even where a statute could under certain factual scenarios qualify as a crime of violence, if the statute or relevant section of the statute under the modified categorical approach is overbroad

in so much as its elements apply to certain factual scenarios which would not meet the ACCA's definition of a crime of violence, that statute does not qualify as an ACCA offense regardless of the fact that a given defendant's *factual* scenario would appear to qualify. *See United States v. Brown*, 765 F.3d 185, 190-91 (3d Cir. 2014); *see also United States v. Knight*, No. 15-004, 2016 WL 223701 (D.N.J. Jan. 19, 2016).

Because none of the three convictions which gave rise to Petitioner's Armed Career Criminal Act sentence are among those enumerated in the statute and as *Samuel Johnson* has invalidated the residual clause, Petitioner's current sentence will remain valid only if all three of the requisite offenses qualify as violent felonies by virtue of their having as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). For the purposes of the elements clause, "'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." *Curtis Johnson*, 559 U.S. at 140. Although the Supreme Court has therefore required more than the barest of touches to satisfy the elements clause, the level of force used need not be overly high to qualify as violent force, as the Court has explained that "violent force" could consist "of only that degree of force necessary to inflict pain – a slap in the face, for example." *Id.* at 143. Finally, to qualify as a crime of violence under the statute, the statute must require that an offender have intended to use force to violate the statute. *See Otero*, 502 F.3d at 335.

The first of Petitioner's three prior felonies which he now asserts do not qualify as violent felonies sufficient to trigger ACCA sentencing was a 1991 conviction for aggravated assault in violation of N.J.S.A. 2C:12-1(b)(5)(a). (Document 1 attached to ECF No. 8 at 92-93). In relevant part, that statute states that a "person is guilty of aggravated assault if he . . . [c]ommits a simple assault . . . upon . . . any law enforcement officer acting in the performance of his duties while in

8

uniform." Because there are three sub-clauses in the statute defining a simple assault, *see* N.J.S.A. 2C:12-1(a)(1)-(3), it is necessary to determine, if possible, which variant gave rise to Petitioner's charges. *See Brown*, 765 F.3d at 190-91. Both the parties and Petitioner's indictment demonstrate that Petitioner was charged and ultimately pled guilty to the form of simple assault defined by section (a)(1). (*See* ECF No. 1 at 6; ECF No. 8 at 28-29; Document 1 attached to ECF No. 8 at 87-93). Because it is clear that at least one subsection of N.J.S.A. 2C:12-1 *would* qualify as a crime of violence, the Court will therefore apply the modified categorical approach and look specifically to section (a)(1) to determine whether Petitioner's crime has elements which meet the requirements of the ACCA's elements clause. Under section (a)(1), a person is guilty of simple assault if he "[a]ttempts to cause or purposely, knowingly or recklessly causes bodily injury to another." N.J.S.A. 2C:12-1(a)(1).

Even if this Court were to assume, *arguendo*, that the Government is correct that Petitioner's conviction meets the "violent force" requirement of the ACCA's elements clause and ignore its prior holding in *Knight*, 2016 WL 223701, at 6 (holding that N.J.S.A. 2C:12-1(a)(1) is overbroad and does not qualify as an ACCA offense), Petitioner's statute of conviction, N.J.S.A. 2C:12-1(b)(5)(a) by way of subsection (a)(1), would still remain overbroad because it can be satisfied by conduct which falls beyond the scope of the elements clause of the ACCA, specifically reckless conduct. As the Third Circuit explained in *Otero* when evaluating a Sentencing Guideline with a nearly identical elements clause,

> We held in *Popal* [*v. Gonzales*, 416 F.3d 249, 254 (3d Cir. 2005) (addressing a nearly identical elements clause in 18 U.S.C. § 16(a)),] that [a] simple assault [conviction which] requires a minimum *mens rea* of recklessness rather than intent[] is not a crime of violence. The reasoning behind [that] decision was hardly new or innovative. Indeed, we held therein that it is "settled law in this Circuit that an offender has committed a 'crime of violence' only if he acted with an intent to use force." *Popal*, 416 F.3d at 254[; *s*]*ee also United*

9

> *States v. Parson*, 955 F.2d 858 (3d Cir. 1992). *Popal* limits categorical crimes of violence to offenses committed through intentional use of force against another rather than reckless or grossly negligent conduct.

*Otero*, 502 F.3d at 335. Thus, *Otero* and its progeny stand for the proposition that, under the elements clauses of the Sentencing Guidelines, § 16(a), and the virtually identical language in the ACCA, a crime requiring only recklessness as to the "use" of force will not qualify as a crime of violence. Because Petitioner's crime of conviction can be satisfied by recklessness alone, it does not require the "use" of force, and is therefore overbroad in so much as it can be violated by acts which would not qualify as a crime of violence, and cannot qualify as a qualifying offense under the ACCA.

The Government argues, however, that this Court should read the Supreme Court's recent decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016) (finding that a reckless crime can, under some circumstances, constitute a misdemeanor crime of domestic violence under the similar elements clause of 18 U.S.C. § 922(g)(9)), as having overturned this case law by implication, and specifically refers to Fifth Circuit case law taking such a position for support. *See United States v. Howell*, 838 F.3d 489 (5th Cir. 2016). While the Supreme Court in *Voisine* did hold that a reckless crime can include the "use" of force sufficient to trigger § 922(g)(9), the Supreme Court in doing so specifically declined to extend its holding beyond § 922(g)(9) to other statutes with similar elements clauses, such as 18 U.S.C. § 16, specifically noting that courts have at times read § 922(g)(9)'s elements clause differently than that of other similar statutes based on the misdemeanor context of § 922(g)(9). *See Voisine*, 136 S. Ct. at 2280 n. 4. The Supreme Court thus left to another day the question of whether reckless behavior would amount to the use of force under § 16 or the ACCA. Indeed, the Third Circuit has recently declined to extend *Voisine* to the

10

§ 16 context, instead holding to the Third Circuit's more nuanced reading of § 16's applicability to reckless crimes. *See Baptiste*, 841 F.3d at 607 n. 5.

It thus does not appear that *Voisine* altered or overruled the Third Circuit's caselaw regarding recklessness outside of the § 922(g) context *sub silencio*, and the Third Circuit's decision in *Baptiste* suggests just the opposite. Given the *Voisine* Court's refusal to apply the holding of that case beyond the § 922(g)(9) context and the Third Circuit's further finding that § 922(g)(9) was distinguishable from § 16 and similar statutes in *Baptiste*, this Court remains subject to prior Third Circuit case law, including the *Otero* line of cases. As such, it remains good law in this Circuit that recklessness is insufficient to meet the elements clause's requirement that a violent felony involves the "use" of force. *See, e.g., United States v. Hill*, No. 07-371, 2016 WL 7076929, at *7-8 (W.D. Pa. Dec. 5, 2016). Because Petitioner's aggravated assault conviction could have been triggered by reckless conduct under the statute, it therefore does not categorically qualify as a crime of violence under the elements clause of the ACCA. As the ACCA requires three predicate offenses, and Petitioner's aggravated assault conviction is one of only three qualifying prior offenses, that Petitioner's aggravated assault conviction no longer qualifies as a crime of violence following *Samuel Johnson* renders him no longer subject to the sentencing enhancement provisions of the ACCA regardless of whether his two remaining prior convictions qualify.[2] Because one of Petitioner's three prior offenses no longer qualifies, and because he is therefore no longer subject to the ACCA's enhancement provisions, he is entitled to § 2255 relief and must be resentenced as a result. This Court will therefore grant Petitioner's motion to vacate his sentence.

---

[2] In light of the fact that Petitioner's aggravated assault conviction does not qualify as a violent felony, the Court need not and does not reach the question of whether his other two convictions for armed robbery qualify. *See* 18 U.S.C. § 924(e) (requiring three prior qualifying convictions).

## III. CONCLUSION

For the reasons set forth above, this Court will grant Petitioner's motion to vacate his sentence, and will resentence Petitioner accordingly. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

Dated: January 12, 2017